IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WASHINGTON CORDEIRO,

Petitioner,

v. No. 2:26-cv-01964-KG-JHR

TODD BLANCHE, *et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Washington Cordeiro's ("Petitioner") pro se Motion for Reconsideration for Immediate Release ("Motion to Reconsider"), Doc. 13, and Motion for Hearing with Federal Judge, Doc. 14. Also before the Court are Petitioner's Dropped Off, Dismissed, Closed, Pending Civil Criminal Case (sic) ("Third Motion"), Doc. 16, and Request to Assistant Federal Public Defender, Doc. 17.[1] For the reasons below, the Court denies the Motion to Reconsider and Motion for Hearing. The Court also denies Petitioner's Third Motion and Request to Assistant Federal Public Defender.

## *I. Background*

Petitioner is a citizen of Brazil who was arrested by the Department of Homeland Security ("DHS") and is currently detained at the Otero County Processing Center in New Mexico. Doc. 1 at 2. On June 18, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus ("Petition") challenging the lawfulness of his detention and seeking immediate release, or, in the alternative, an individualized bond hearing. Doc. 1 at 4. The Court granted the Petition and ordered Respondents to "provide

[1] Petitioner's Third Motion is identified in the docket as a notice, but it seeks relief in the form of immediate release from immigration detention. *See* Doc. 16 at 1–2. The Court therefore construes it as a motion. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally[.]").

Petitioner with an individualized bond hearing before an immigration judge or else release him." Doc. 9 at 3. On August 4, 2026, Petitioner received his Court ordered bond hearing. *See* Doc. 11-1 at 1–2. At the end of the hearing, the IJ denied bond. The written order stated Petitioner was a "[f]light risk" and a danger to the community because of his "pending burglary and criminal damage to property." *Id.* at 1.

Petitioner's Motion to Reconsider challenges this denial of bond. See Doc. 13. It alleges the IJ did not consider his prolonged detention, "ma[de] [him] feel uncomfortable and didn't consider[] all [his] good moral character" at the bond hearing. *Id.* at 1–3. Petitioner's Third Motion seeks similar relief in the form of immediate release. *See* Doc. 16 at 2. The Government did not respond to any of Petitioner's motions.

## ***II. Standard of Review***

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 677–78, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to noncitizens who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted[.]" This "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *1 (D.N.M. Nov. 14, 2025). By contrast, § 1226(a) authorizes the arrest and detention of noncitizens "[o]n a warrant issued by the

Attorney General . . . pending a decision on whether [they are] to be removed[.]" Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

Federal courts lack jurisdiction to review an immigration judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). As the Supreme Court has repeatedly explained, § 1226(e) operates as a jurisdictional bar precluding noncitizens from "challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [their] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks omitted) (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003); *see also Nielson v. Preap*, 586, U.S. 392, 961 (2019) ("[T]his limitation [under § 1226(e)] applies to . . . discretionary decisions" and prohibits review of whether "the Government exercised its statutory authority in an unreasonable fashion."). Absent a constitutional claim or some other question of law, the Court does not have federal habeas jurisdiction to review a specific custody determination. *Olmos v. Holder*, 780 F.3d 1313, 1316 (10th Cir. 2015).

***III. Analysis***

The Court concludes it lacks jurisdiction to review the IJ's discretionary custody determination under § 1226(e) and declines to grant relief because Petitioner received the individualized bond hearing to which he was entitled. *See* Doc. 11-1 at 1–2. At that hearing, the immigration judge found that Petitioner failed to carry his burden of demonstrating that he is not a flight risk or a danger to the community. *Id.* at 1. Because nothing in the record demonstrates

the hearing was otherwise unconstitutional, the IJ's findings are not subject to review by this Court. The hearing therefore satisfies this Court's prior Order. *See* Doc. 9.

## *IV. Conclusion*

For the reasons above, Petitioner's requested relief is denied.

1. Petitioner's Motion to Reconsider, Doc. 13, is DENIED.
2. Petitioner's Motion for Hearing with Federal Judge, Doc. 14, is DENIED.
3. Petitioner's Dropped Off, Dismissed, Closed, Pending Civil Criminal Case ("Third Motion"), Doc. 16, is DENIED.
4. Petitioner's Request to Assistant Federal Public Defender, Doc. 17, is DENIED.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.